UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANNIE WHITE, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT CORP SOLUTIONS INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:26-cv-117 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ANNIE WHITE ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CREDIT CORP SOLUTIONS INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427.101 *et seq.*, as well as for Invasion of Privacy ("IOP"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Kenosha County, Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a "debt buyer and collector."[1] Defendant is a third-party debt collector organized under the laws of the state of Delaware, with its principal place of business located at 121 West Election Road Suite 200A, Draper Utah, 84020.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon a consumer credit card bill that Plaintiff allegedly defaulted on (the "subject debt").

10. Upon information and belief, after the subject debt was allegedly in default, it was assigned to Defendant for collection purposes.

11. For the last few months, Plaintiff has been receiving calls to her cellular phone, (262)-XXX-0882, from Defendant.

---

[1] https://www.creditcorponline.com/#faqs.

2

Case 2:26-cv-00117-JPS    Filed 01/22/26    Page 2 of 10    Document 1

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0882. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: 262-515-9181.

14. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

15. Moreover, Defendant's use of the (262) area code, which is identical to Plaintiff's, even though Defendant is an out of state entity, demonstrates the extent to which Defendant was "spoofing" the area code of its phone calls in order to conceal its identify when placing calls to Plaintiff's cellular phone – hoping that Plaintiff would more readily answer an unfamiliar number that appears local in nature.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. On or around December 10, 2025, Plaintiff requested that Defendant stop calling her.

18. Plaintiff has even reiterated such requests during subsequent calls, including on or around January 5, 2026, but in spite of this explicit information, Defendant has placed over a dozen phone calls to Plaintiff's cellular phone through the present day.

19. Seeing no end to Defendant's harassing conduct, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20. Plaintiff has been unfairly treated and harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: loss of sleep, stress, invasion of privacy, aggravation that accompanies collection

3

Case 2:26-cv-00117-JPS    Filed 01/22/26    Page 3 of 10    Document 1

telephone calls, emotional distress, increased usage of her telephone services, and diminished cellular phone capacity and functionality.

22. Defendant's repeated and persistent telephone calls and attempts to collect the alleged debt have substantially interfered with Plaintiff's ability to earn a living, as Plaintiff relies on her cellular telephone as an essential tool for her employment and income-producing activities.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant is also a member of the Association of Credit and Collection Professionals.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of the FDCPA, §1692c(a)(1) and d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. In addition, this section enumerates specific violations, such as:

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

---

[2] https://www.acainternational.org/directory/?id=6f138e9c-4542-ec11-8c62-000d3a5b843c.

30. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

31. Defendant violated §§ 1692c(a)(1), d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant to stop calling her. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject debt from Plaintiff – however, such calls and texts persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject debt.

32. Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit

5

Case 2:26-cv-00117-JPS   Filed 01/22/26   Page 5 of 10   Document 1

payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

### ii. Violations of FDCPA, § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Even though Plaintiff notified Defendant to stop calling, Defendant blatantly ignored Plaintiff's assertions and deceptively continued to place systematic calls and texts to her cellular phone.

36. Defendant further violated §1692e and e(10) when it purposefully and systematically "spoofed" its phone calls in order to appear as though they were local to Plaintiff and varied the phone numbers that it placed calls from. By changing phone numbers and further making such numbers appear local in nature, Defendant hoped that Plaintiff would not recognize that it was calling, leading Plaintiff to believe she was being contacted by a local entity, and in turn, increasing the likelihood that Plaintiff would answer and ultimately remit payment.

### iii. Violations of FDCPA, § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

6

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told to stop calling. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 19 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANNIE WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II- VIOLATIONS OF THE WISCONSIN CONSUMER ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendant is a "debt collector" under Wis. Stat. Ann. § 427.103(3).

42. Defendant's communications with Plaintiff regarding the subject debt are "debt collections[s]" under Wis. Stat. Ann. § 427.103(1).

43. The WCA, pursuant to Wis. Stat. Ann. § 427.104(1)(g), prohibits a debt collector from communicating "with the customer . . . with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

44. Under Wis. Stat. Ann. § 427.104(1)(h), the WCA prohibits debt collects from engaging in conduct which "can reasonably be expected to threaten or harass the customer."

45. Defendant violated Wis. Stat. Ann. § 427.104(1)(g) and (h) by engaging in unfair and unconscionable debt collection practices, including repeatedly and continuously placing telephone calls to Plaintiff regarding the alleged debt after Plaintiff expressly instructed Defendant to cease such communications. Defendant's continued use of voluminous and persistent telephone calls in an effort to harass Plaintiff and coerce payment constitutes a violation of the statute. These actions served no legitimate purpose and instead caused Plaintiff unnecessary distress, worry, and confusion.

46. As pled in paragraphs 19 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANNIE WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

g. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

h. Awarding Plaintiff statutory damages as provided under Wis. Stat. Ann. § 427.105(1);

i. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under Wis. Stat. Ann. § 427.105(1);

j. Awarding Plaintiff costs and reasonable attorney fees as provided under Wis. Stat. Ann. § 425.308;

k. Enjoining Defendant from further contacting Plaintiff; and

l. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

49. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted her overall focus, and continually frustrated and annoyed Plaintiff to the point where she was denied the ability to quietly live her life, instead having it upended by Defendant's harassing phone call campaign.

50. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

51. By continuing to call Plaintiff in an attempt to coerce her into making payment, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

52. As pled in paragraphs 19 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANNIE WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 22nd day of January 2026.    Respectfully Submitted,

/s/ *Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorney for Plaintiff, Annie White*